UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-605-H


JERRY LINTON                                                                          PLAINTIFF

V.

JOEY RIDDLE
DONNIE HUDSON                                                                      DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jerry Linton ("Linton"), a former contract employee of the Jefferson County

Public School System, brought this lawsuit alleging assault, libel and violation of her First and

Fourteenth Amendment rights. Plaintiff's claims arise out of a dispute she had with Defendants

Joey Riddle ("Riddle") and Donnie Hudson ("Hudson"), the Principal and Assistant Principal,

respectively, of Iroquois High School. On May 24, 2010, the Court issued an order sustaining

Defendants' Motion for Summary Judgment and dismissing Plaintiff's claims. The matter is now

before the Court on Plaintiff's Motion to Set Aside and Vacate that order.  For the most part,

Plaintiff's motion revisits arguments the Court has already addressed. As such, the Court will

discuss the issues only briefly.

Plaintiff first says that the Court improperly dismissed her assault claim. Nothing in the

proof submitted to the Court suggests that Defendants threatened an unwanted touching or that

Plaintiff feared one.  Plaintiff clearly said in her deposition that she was only verbally, *and not

physically*, threatened.[1]  As such, the facts of this case do not constitute the tort of assault.

---

[1] While it is true, as Plaintiff points out, that Defendants' lack of intent to touch her does not necessarily
mean that Defendants did not intend to threaten to touch her, the fact that Plaintiff said that she was not physically

Next, Plaintiff argues that the Court erred by dismissing her libel by pantomime claim. As Plaintiff admits, Kentucky has not adopted such a cause of action. Because the Court has no reason to believe that Kentucky would do so under these circumstances, the dismissal of that claim was appropriate.

Plaintiff argues that her slander claim should not have been dismissed because "the Plaintiff has proven a statement that is defamatory per se and false." However, the Court found in its opinion that there was no false statement.[2] The Court also found that the statements were privileged, and that Defendants did not abuse that privilege. These findings dispose of Plaintiff's slander claim.

As to the freedom of association claim, Plaintiff asserts that the Court improperly assumed that she was asserting her freedom to associate with a union representative, when in fact, she was asserting her freedom to associate with a representative (such as a teacher or other staff worker) generally. While the Court did assume, in one portion of its analysis, that Plaintiff was asserting her right to associate with a union representative, it did so only because that was Plaintiff's best argument. To the extent Plaintiff argues that her right to associate with other teachers or staff was violated, the Court rejects that argument, too. Such association clearly does not touch on a matter of public concern. As noted in the previous opinion, freedom of association claims not touching on a matter of public concern are subject to rational basis review.

---

threatened disposes of this claim. Typically, words alone are not sufficient to support an assault claim without some other acts or circumstances that would create a reasonable apprehension of harmful or offensive contact. *Stump v. Wal-Mart Stores, Inc.*, 942 F.Supp. 347, 350 (E.D. Ky. 1996). There must be a "well-founded fear of immediate peril." *Louisville & N.R. Co. v. Simpson*, 188 S.W. 297, 299 (Ky. 1916). Plaintiff's deposition makes it clear that she did not have the requisite fear of immediate harm required for the tort of assault.

[2] In fact, Plaintiff did not identify any particular statement alleged to be false. Rather, she argued that Defendants' actions and words, collectively, created a false impression.

Defendants' actions here pass rational basis review.

Last, Plaintiff complains that the Court did not discuss her allegation that she was banned from attending graduation activities. This is true. In her brief responding to Defendants' motion for summary judgment, Plaintiff dedicated only three lines of argument to this point. When the Court referenced the portions of Plaintiff's deposition provided with the summary judgment memoranda, the Court could not even discern 1) whether it was one of the Defendants who told Plaintiff not to attend graduation or 2) whether Plaintiff was, in fact, prevented from attending. With so little argument and such vague facts, the Court did not then and does not now deem the issue properly raised or argued.

For these reasons, the Court finds that its previous dismissal of Plaintiff's claims was appropriate. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Plaintiff's Motion to Set Aside or Vacate is DENIED.

This is a final order.

cc:    Counsel of Record